## Case No. 6,566.

### HODGSON v. MARINE INS. CO.

[1 Cranch, C. C. 569.] [1]

Circuit Court, District of Columbia. July Term, 1809.

TENDER OF ISSUE—PREVIOUS DEMURRER.

The court will not permit a defendant to tender an issue which he had refused to join, and

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

to which he had demurred when tendered by the plaintiff; there having been judgment rendered against him by the supreme court on the demurrer.

[See Case No. 6,567.]

---

## Case No. 6,567.

### HODGSON v. MARINE INS. CO. OF ALEXANDRIA.

[1 Cranch, C. C. 460.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.[2]

MARINE INSURANCE—WHAT IS COVERED THEREBY —MISREPRESENTATION—PREMIUM.

1. If there be no warranty of neutrality in the policy, it covers belligerent risks.

2. Upon a valued policy, a misrepresentation as to the size and age of the vessel is no defence; although averred to be material as to the contract.

3. It is no defence to an action of covenant on a policy, that the premium has been perpetually enjoined.

This was an action of covenant on the same policy as that in Straas v. Marine Ins. Co. [Case No. 13,518].

The first count avers the interest to be in Straas & Leeds. The second avers it to be in Leeds alone. The loss is stated to be by capture. Issue was joined upon the three first pleas.

The fourth plea was, that the vessel insured was the property of enemies of Great Britain, and was captured and condemned as such by the British, whereas the insurance was made only upon the property of American citizens in which no belligerent was interested. To this plea the plaintiff demurred; and THE COURT adjudged the plea bad, because, inasmuch as there was no warranty of neutrality, the policy covered war-risks.

The fifth plea averred the rule and practice of the insurance company to be, never to insure beyond the reasonable and just value according to the representation. That the plaintiff proposed that the value should be agreed to be ten thousand dollars; and that to induce the defendants to execute the policy he represented the vessel to be about

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in part and affirmed in part in 5 Cranch (9 U. S.) 100.]

two hundred and fifty tons burden, and between six and seven years old; in consequence whereof, the defendants executed the policy. That this representation was not true, the vessel being less than one hundred and sixty-five tons, and more than eight years old, and not worth eight thousand dollars, (the sum insured,) being worth only three thousand dollars. That the misrepresentation induced the defendants to execute the policy stating the value to be ten thousand dollars, and insuring eight thousand; and so the policy is void as to them.

THE COURT, also, upon demurrer, decided this plea to be bad, because the misrepresentation did not appear, and was not averred to be material or fraudulent.

The sixth plea averred the same misrepresentation, and that it was "material in regard to the said contract of insurance, and so they said the said contract is void as to them." The replication averred, that the misrepresentation was not material in regard to the ability of the vessel to perform the voyage insured. The rejoinder reiterated the averments of the plea. To this there was a demurrer.

Mr. Swann, for plaintiff, cited Thoroughgood's Case, 2 Coke, 9; Bright v. Eynon, 1 Burrows, 390; 1 Fonbl. 106, 111, 112; Collins v. Blantern, 2 Wils. 341, 344; Duffield v. Scott, 3 Term R. 374; Heyward v. Rodgers, J. P. Smith (Eng.) 289.

But THE COURT (DUCKETT, Circuit Judge, absent) were of opinion that the defendants' sixth plea and rejoinder were good, and that the plaintiff's replication was bad, being of opinion that a material misrepresentation of the subject of insurance might be pleaded in bar of a sealed policy, and that the misrepresentation was material to the contract.

The seventh plea was, that the vessel insured was the property of a citizen of France, and not of a citizen of the United States. That there was war between France and England at the time of the insurance and at the time of capture. That the United States were neutral. That Richmond is the capital of one of the United States.

THE COURT, upon demurrer, adjudged the plea to be bad, because the policy covered war-risks.

The eighth plea was that the plaintiff had not paid the premium, and that the note given therefor was perpetually enjoined by the high court of chancery in Virginia.

THE COURT, upon demurrer, adjudged this plea also to be bad.

Judgment for the defendants on the demurrer to the sixth plea, and for the plaintiff on the others.

This judgment was reversed by the supreme court as to the sixth plea, and affirmed as to others. See 5 Cranch [9 U. S.] 100.

[See Case No. 6,566.]